PHILLIP A. TALBERT
United States Attorney
MICHAEL G. TIERNEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:23-cr-0096-ADA |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| SCOTT ERIC ANDERSON, | DATE:<br>TIME: |
| Defendant. | COURT: |

## I. INTRODUCTION

**A.   Scope of Agreement.**

The indictment in this case charges the defendant with violations of 18 U.S.C. §§ 371 and 844(i) – Conspiracy to Destroy Property by Means of Explosive Materials (Count One); 18 U.S.C. §§ 844(i) and 2 – Malicious Destruction of Property by Means of Explosive Materials and Aiding and Abetting (Counts Two and Three); 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm and Ammunition (Count Four). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

PLEA AGREEMENT                               1

### B.   Court Not a Party.

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   DEFENDANT'S OBLIGATIONS

### A.   Guilty Plea.

The defendant will plead guilty to Count One: Conspiracy to Destroy Property by Means of Explosive Materials, in violation of 18 U.S.C. § 371 and 844(i); Count Three: Malicious Destruction of Property by Means of Explosive Materials and Aiding and Abetting, in violation of 18 U.S.C. §§ 844(i) and 2; and Count Four: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his pleas should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter guilty pleas pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this

Agreement generally.

### B. Restitution.

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses.

Defendant agrees that his conduct is governed by the Mandatory Victim Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) because Counts One and Three involve offenses against property and fall within Title 18 of the United States Code; he therefore agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged from the periods of October 1, 2022 through February 24, 2023. The amount of restitution will be between $70,000 and $100,000 dollars.

Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

Defendant agrees that all criminal monetary penalties imposed by the court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. Defendant agrees that any payment schedule or plan set by the court is merely a minimum and does not foreclose the United States from collecting all criminal monetary penalties at any time through all available means.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

Defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets without prior written consent of the United States Attorney, except that the defendant may sell, transfer or convey personal property (including used vehicles and personal items, but not financial instruments, ownership interests in business entities or real property) with an aggregate value of less than $5,000.

### C. Fine.

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively

prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offenses.

### D.  Special Assessment.

The defendant agrees to pay a special assessment of $300 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing.

### E.  Violation of Plea Agreement by Defendant/Withdrawal of Pleas.

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not

time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### F.    Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Disclosure Statement" within three (3) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

Defendant expressly authorizes the United States to immediately obtain a credit report to evaluate defendant's ability to satisfy any monetary penalty imposed by the court. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held

by the U.S. Probation Office.

### III. THE GOVERNMENT'S OBLIGATIONS

A. **Dismissals/Other Charges.**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Pleas), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

B. **Recommendations.**

  1. Incarceration Range and Concurrent Sentence.

The government will recommend that the defendant be sentenced to either the low end of the applicable guideline range or the mandatory statutory minimum term, whichever is higher, as determined by the Court.

The government agrees not to oppose defendant's request that the Court's sentence of imprisonment be made concurrent to any sentence imposed in *State of California v. Scott Eric Anderson*, Fresno Superior Court Doc. No. F23901484.

  2. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

C. **Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also

understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty, 18 U.S.C. §§ 371 and 844(i) – Conspiracy to Destroy Property by Means of Explosive Materials (Count One); 18 U.S.C. §§ 844(i) and 2 – Malicious Destruction of Property by Means of Explosive Materials and Aiding and Abetting (Counts Two and Three); 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm and Ammunition (Count Four):

Substantive Elements of 18 U.S.C. § 844(i) (Counts One and Three):

Defendant:

(1) maliciously;

(2) damaged or destroyed a vehicle;

(3) by means of fire or an explosive; and

(4) the vehicle must have been used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

Conspiracy Elements of 18 U.S.C. § 371 (Count One):

(1) Beginning on or about October 1, 2022 and ending on or about February 24, 2023, there was an agreement between the defendant and one or more other persons to commit Destruction of Property by Means of Explosive Materials in violation of 18 U.S.C. § 844(i);

(2) The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

(3) One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Elements of 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm and Ammunition (Count Four):

(1) The defendant knowingly possessed a firearm;

(2) The firearm had been transported from one state to another;

(3) At the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

(4) At the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.   MAXIMUM SENTENCE

### A.   Maximum Penalty.

The maximum sentence that the Court can impose is 5 years of incarceration as to Count One, 20 years of incarceration as to Count Three, and 15 years of incarceration as to Count Four; a fine of $250,000 as to each Count; a three year period of supervised release as to each Count; and a special assessment of $100 as to each Count. Count Three carries a mandatory minimum term of five years of incarceration.  By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which he is pleading guilty.  The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.   Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during any term of supervised release the Court may impose, the Court may revoke the term of supervised release and require the defendant to serve up two additional years imprisonment as to any term of supervised release.

## VI.   SENTENCING DETERMINATION

### A.   Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Estimated Guideline Calculation.

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

1. Base Offense Level: 20 (as to Counts One and Three); USSG § 2K1.4(a)(2)

   14 (as to Count Four); USSG § 2K2.1(a)(4)

2. Adjusted Offense Level: 20

3. Combined Offense Level: 21; USSG § 3D1.4(b). Counts One and Three constitute one Group per USSG § 3D1.2(b); Count Four constitutes a Group that is 5-8 levels less serious. 1 ½ units increase the offense level by 1.

4. Acceptance of Responsibility: See paragraph III.B.2 above

5. Criminal History: The parties estimate, but do not stipulate, that the defendant's criminal history category will be II.

6. Departures:

7. Sentencing Range: 27-33 months (The defendant understands that if the criminal history category differs from the parties' estimate, his Guidelines sentencing range may differ from that set forth here.)

8. Departures or Other Enhancements or Reductions:

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).

## VII. WAIVERS

### A. Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional

PLEA AGREEMENT 9

rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximums for the offens(s to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

## C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

## VIII. ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:

_____
ANTHONY P. CAPOZZI
Attorney for Defendant

### B. Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

PLEA AGREEMENT    11

Dated:

SCOTT ERIC ANDERSON
Defendant

C. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 1/9/24

PHILLIP A. TALBERT
United States Attorney

MICHAEL G. TIERNEY
Assistant United States Attorney

EXHIBIT "A"

Factual Basis for Pleas

Beginning in or about October 2022 and continuing until February 2023, defendant SCOTT ERIC ANDERSON conspired with co-defendant PAUL NEW to assemble and detonate explosive devices and to detonate the explosive devices inside mailboxes and on automobiles within Fresno County, in the State and Eastern District of California.

The explosive devices consisted of explosive material such as commercially available firework tubes, combined with gasoline or another accelerant; designed to detonate by igniting the gasoline.

As part of the conspiracy, ANDERSON and NEW drove to locations within Fresno County, placed the explosive devices within mailboxes and automobiles, and caused them to detonate. The detonations were designed to and frequently did result in explosions and fires that damaged the mailboxes and automobiles.

The following incidents involved placement of explosive devices in the scope of the conspiracy. Each took place within the city and county of Fresno:

- October 16, 2022: mailbox on Palm Ave.

- November 17, 2022: two mailbox bombings, one on Fir Ave. and one on Hamilton Ave..

- December 13, 2022: white Ford truck at auto business on Clinton Ave.,

- January 6, 2023 and January 8, 2023: two devices on same vehicle at apartment complex on W San Jose.

- January 27, 2023: two devices, one mailbox on North Argyle Ave. and one vehicle on Clinton Ave.

- February 19. 2023: vehicle on Fallbrook Ave.

- February 21, 2023: vehicle on North Fine Ave.

On or about February 19, 2023, ANDERSON maliciously placed an explosive device under a white sedan in the vicinity of 377 W Fallbrook Ave in Fresno. ANDERSON placed and detonated the device to damage and attempt to damage the vehicle. The explosive device detonated and caused an explosion and fire that damaged the vehicle and a nearby building. The vehicle was used in interstate commerce because it was a leased vehicle and was used by a home health agency in the course of its business operations.

On or about February 24, 2023, in Fresno, State and Eastern District of California, defendant ANDERSON knowingly possessed a Springfield Armory .45 caliber XD pistol firearm. The firearms had previously been transported in interstate commerce. Defendant ANDERSON knew that he was unable to legally possess a firearm because he knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, defendant ANDERSON was convicted for a violation of Carry Concealed/Loaded Firearm, in violation of California Penal Code Section 25400(c)(6), on or about September 21, 2017, in Fresno County, California.